

**CROSS**
— and —
**SIMON**
L L C

913 NORTH MARKET STREET
11TH FLOOR
WILMINGTON, DELAWARE 19801

MAILING ADDRESS:
P.O. BOX 1380
WILMINGTON, DE 19899-1380

KEVIN S. MANN*
KMANN@CROSSLAW.COM
(302) 777-4200, EXT. 105
* ADMITTED IN DELAWARE AND NEW JERSEY

February 27, 2013

**BY HAND DELIVERY & ELECTRONIC FILING**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

   *Re:* *Bank of America, N.A. v. Sea-Ya Enterprises, LLC, et al.*
     *D. Del. C.A. No. 11-445 (RGA)*

Dear Judge Andrews:

   I write on behalf of Defendants Sea-Ya Enterprises, LLC, Craig H. Wheeler, and Dani D. Wheeler (collectively, "Defendants") in response to the Court's Oral Order of February 21, 2013 regarding the reasonableness of Plaintiff Bank of America, N.A.'s ("Bank of America") requested counsel fees.

   Defendants had previously objected to the $282,595.58 in attorneys' fees and expenses claimed by Bank of America in connection with the prosecution of this action. Defendants' previous objection was based primarily on Bank of America's failure to provide any support or documentation for the requested amount. Bank of America has now provided a breakdown of its fees and costs.

   After a review of these fees and expenses, Defendants believe that the fees incurred in this action were unreasonable and higher than was necessary for a collection matter of this type. While Defendants do not wish to go into the details of each time entry, nor believe that such an endeavor would be a valuable use of their time, Defendants do believe that Bank of America overstaffed this matter. For example, prior to even filing the complaint, Bank of America had four attorneys, including a partner billing at $700 per hour, and a paralegal working on this case.

Defendants recognize that the Court has entered summary judgment against them and that the controlling loan documents allow for a judgment to include the reasonable attorney fees incurred by Bank of America in bringing this action. However, Defendants respectfully request that the Court reduce the amount of allowed attorneys fees to a more reasonable amount.

Counsel is available should the Court have any questions.

Respectfully submitted,

Kevin S. Mann (No. 4576)


cc:     James Levine, Esquire (via Electronic Filing)
        James McMillan, III, Esquire (via Electronic Filing)
        Dennis Haber, Esquire
        Craig H. Wheeler
        Dani D. Wheeler
        File Copy