

1313 N. Market Street
Suite 5100
Wilmington, DE  19899-1709
302.777.6500
Fax 302.421.8390

James G. McMillan, III
direct dial:  (302) 777-6556
mcmillaj@pepperlaw.com

March 4, 2013

**By Electronic Filing**

The Honorable Richard G. Andrews
United States District Court
844 N. King Street, Unit 9
Wilmington, DE 19801

      Re:     *Bank of America v. Sea-Ya Enterprises*, C.A. No. 11-445 (RGA)

Dear Judge Andrews:

      I write on behalf of the plaintiff, Bank of America, N.A. (the "Bank"), in response to Defendants' letter dated February 27, 2013 (D.I. 88), in which they state a blanket objection to the reasonableness of the attorneys' fees and expenses included in the Bank's revised proposed Order of Judgment (D.I. 86-3) and ask the Court to determine a "more reasonable amount."

      A party opposing an award of fees "must present specific evidence challenging the reasonableness of the requested rates or the time expended." *Central Del. Branch of NAACP v. City of Dover*, 123 F.R.D. 85, 88 (D. Del. 1988) (citing *Blum v. Stenson*, 461 U.S. 886, 892 n.5 (1984)). The opposing party "cannot rely upon conclusory denials of the applicant's prima facie proofs." *Springer v. Henry*, 2004 U.S. Dist. LEXIS 18642, at *45 (D. Del. Sept. 16, 2004) (quoting *NAACP*, 123 F.R.D. at 88). Once the party seeking an award of fees submits evidence supporting the hours worked and rates charged, the opposing party "has the burden to challenge the reasonableness of the fee request." *Swan v. Daniels*, 917 F. Supp. 292, 298 (D. Del. 1995); *see Saudi Am. Bank v. Shaw Group, Inc.* (*In re Stone & Webster, Inc.*), 360 B.R. 64, 67 (D. Del. 2007), *rev'd on other grounds*, 2008 U.S. App. LEXIS 27018 (3d Cir. Dec. 30, 2008) (awarding attorneys' fees based on provisions of a guaranty agreement).

      Defendants have not met their burden to challenge the reasonableness of the Bank's fees. They make only conclusory denials, arguing that they subjectively "believe" that the Bank's legal fees are unreasonable "for a collection matter of this type." As stated in my February 6, 2013 letter to the Court (D.I. 86), this case indeed began as a simple collection action. Defendants, however, are themselves responsible for multiplying the duration, complexity and cost of this litigation, requiring, among other things, the deposition of their

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Richard G. Andrews
March 4, 2013
Page 2

purported expert in Louisville, Kentucky, and three depositions in Sarasota, Florida. Defendants were well aware that the ultimate judgment against them would include the Bank's costs of collection.

Defendants state that they do not "believe" that a review of the "details" of our time entries "would be a valuable use of their time," that is, such an exercise would not reduce their liability by an amount equal to the value of *their* time. Instead, they ask the Court to conduct the analysis on *its* time to determine a "more reasonable" amount. Defendants effectively concede the reasonableness of the Bank's fees and expenses.

Defendants make only one specific objection to the Bank's legal fees. They argue that the entire matter was "overstaffed" because four attorneys, one billing $700 per hour, and one paralegal, worked on the case before the complaint was filed. The Bank's fees through the date of filing the complaint total $7,651.50, as follows:

| | | | |
|---|---|---|---|
| D. Stratton | 3.7 hours | @ $700 = | $2,590.00 |
| C. Lamb | 0.5 hour | @ $480 = | $240.00 |
| J. McMillan | 2.3 hours | @ $415 = | $954.50 |
| J. Levine | 12.6 hours | @ $275 = | $3,465.00 |
| A. Malec | 1.6 hours | @ $195 = | $312.00 |
| | | | $7,651.50 |

(D.I. 86-2 at 2-4). The Bank submitted specific evidence supporting those fees, incurred in the preparation, drafting and filing of the complaint. Defendants do not attempt to "present specific evidence challenging [their] reasonableness" (*NAACP*, 123 F.R.D. at 88), and they do not make any other specific objection to the Bank's fees or expenses. *See Swan*, 917 F. Supp. at 298 ("[a] district court cannot decrease a fee award based on factors not raised by the opposing party") (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). Thus, Defendants have failed to meet their burden to challenge the reasonableness of the Bank's fees.

No other objections remain. Accordingly, Plaintiff Bank of America, N.A. respectfully requests that the Court enter its revised proposed Order of Judgment, an additional copy of which is filed herewith.

Respectfully,

/s/ *James G. McMillan, III*

James G. McMillan, III (No. 3979)

cc: Kevin S. Mann, Esquire, by Electronic Filing